J. A. HOPPER vs. W. C. PARKE et al., Assignees of Y. Anin, a Bankrupt.

SUBMISSION WITHOUT ACTION.

OCTOBER TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.

H. loaned to the bankrupt $1500 for which he received a note endorsed by C. and A. (who afterwards became insolvent), and a mortgage over four shares in a rice plantation. A., a partner of the bankrupt, died and S. was appointed administrator, and also receiver of the partnership estate. The bankrupt gave to H. an order upon S. for the amount which would become due to the bankrupt when the partnership was settled. S. paid such share into Court and that was by an order of the Court paid to defendants.

Held, that the Court upon making such order should have been informed of these facts, and that H. was entitled to the amount less costs of the submission. Held also, that the assignees were not entitled to commissions or to deduct the costs of the bankruptcy.

OPINION OF THE COURT, BY BICKERTON, J.

This matter comes here on a submission of facts, agreed upon by the parties hereto, as follows:

1. That on October 10th, 1885, said Hopper loaned to said Anin the sum of $1,500, and took from him a note payable on demand for that amount with interest at the rate of one per cent. a month until paid, which note was endorsed by Conchee & Ahung. a copy whereof is hereunto annexed and made a part hereof marked "Exhibit A."

2. That a mortgage to secure said note was given by said Anin to said Hopper upon four shares of a certain rice plantation at Waialua, Oahu, dated June 24th, 1886, of record in Liber 102, folio 168; which mortgage is here in Court to be produced as a part hereof.

3. That said note has not been paid and the endorsers are insolvent as far as known to the parties hereto.

4. That one Ahuna, a partner of said Anin, died in the year 1886 and S. Selig of Honolulu was duly appointed administrator

of his estate : that said Selig was also appointed receiver of the partnership of Anin & Ahuna.

5.  That on February 9th, 1887, said Anin gave to said Hopper an order on said Selig, receiver, for the amount due to him from the partnership property when settled; which order was accepted by said Selig, a copy whereof is hereunto annexed and made a part hereof marked " Exhibit B.," said Selig at that time having moneys or credits of said firm in his hands.

6.  That on April 2d, 1887, said Anin was adjudged a bankrupt and said Parke and Austin were duly appointed assignees of his estate.

7.  That said Selig on May 9th, 1887, having in hands the sum of $1,667.30 belonging to said Anin, the proceeds of property coming into his hands as receiver, paid the same to the Clerk of the Supreme Court, acting under direction of the Court; that said money was afterwards paid by said Clerk to said assignees.

The question to be decided by the Court is, should said sum of $1,667.30 be now paid to said Hopper in virtue of the above facts, after deducting such amounts for commissions of assignees and costs in bankruptcy as may be allowed?

It appears that the said Hopper held Anin's note secured by mortgage on four shares of a certain rice plantation, which said shares were sold by S. Selig as receiver in closing up the estate of Anin & Ahuna ; he having the proceeds of this security in his hands on February 9th, 1887, Y. Anin gave an order on said Selig, payable to Hopper, as follows :

"Honolulu, Feb. 9, 1887.

"Please pay to the order of James A. Hopper the amount due to me from the partnership property of Anin and Ahuna, and when the matter is settled and the amount ascertained definitely, please render to said James A. Hopper a full account thereof.

" (Signed)        Y. ANIN.

"To S. Selig, Esq., Receiver of Anin and Ahuna, Honolulu.

"Accepted, Honolulu, Feb. 9, 1887.

" (Signed)        S. SELIG."

The order was accepted by S. Selig on the same day, but has not been paid, he, Selig, having paid the balance of $1,667.30 in his hands, belonging to said Anin, to the Clerk of the Supreme Court under direction of the Court; that said money was afterwards paid by said Clerk to said assignees under the direction of the Court dated May 7th, 1887, on a submission by Parke and Austin, assignees, and S. Selig, receiver and administrator of Ahuna's estate. (*Ante*, p. 79).

It also appears that at the time of this submission said assignees and receiver well knew of the existence of the said accepted order, and it was their duty to state this fact in the prior submission; if they had done so, it would have avoided the question now before us and unnecessary expense to parties, for undoubtedly we should have ordered the balance, or so much of it as was necessary, paid to Hopper on the said accepted order.

There can only be one conclusion, that Selig having realized on the whole estate including the shares covered by Hopper's mortgage, and having moneys or credits of Anin's in his hands, the said accepted order was substituted for the note secured by mortgage. Selig should have paid it out of the funds in his hands. And we are now of the opinion that the said sum of $1,667.30 should be paid to said Hopper less costs of this submission. We are of opinion that the assignees are not entitled to take commissions on this amount, because it formed no part of the bankrupt's estate and should not have been paid over to them. Nor should the costs of the bankruptcy be taken from this sum.

*F. M. Hatch,* for plaintiff.

*Jona. Austin,* for defendants.